**FENG LI, Petitioner,**

v.

**Jefferson B. SESSIONS III, United States Attorney General,\* Respondent.**

**15-3243**

United States Court of Appeals, Second Circuit.

September 15, 2017

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Jefferson B. Sessions III is sub-

FOR PETITIONER: Lee Ratner, Law Offices of Michael Brown, New York, New York.

FOR RESPONDENT: Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Jenny C. Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

PRESENT: BARRINGTON D. PARKER, REENA RAGGI, DENNY CHIN, Circuit Judges.

stituted for Loretta E. Lynch as Respondent.

## SUMMARY ORDER

Petitioner Feng Li, a native and citizen of China, seeks review of a September 23, 2015 decision of the BIA affirming an April 30, 2014 decision of an Immigration Judge ("IJ"), denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Feng Li*, No. A205 307 330 (B.I.A. Sept. 23, 2015), *aff'g* No. A205 307 330 (Immig. Ct. N.Y.C. Apr. 30, 2014). We assume the parties' familiarity with the underlying facts and procedural history of this case.

For asylum applications like Li's, we review the IJ's decision as modified by the BIA, *see Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005), applying well-established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Further, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted). For the reasons

that follow, we conclude that substantial evidence supports the agency's determination that Li was not credible.

The IJ reasonably based the credibility determination on his observations of Li's demeanor. *See Xiu Xia Lin*, 534 F.3d at 163-64. Because "demeanor is paradigmatically the sort of evidence that a fact-finder is best positioned to evaluate," *Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006), we "give particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor," *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). The IJ here found that Li often paused during his testimony, gave non-responsive answers, and failed to provide details for his claims. The record of Li's testimony concerning his introduction to Christianity and alleged beatings during detention supports the IJ's demeanor finding.

The credibility determination is further supported by the extensive inconsistencies between Li's testimony and his asylum application. *See Xiu Xia Lin*, 534 F.3d at 167. First, Li testified inconsistently with his application concerning how many days he distributed Christian flyers before being arrested. Second, Li's testimony and application were inconsistent regarding whether his second child was born at home and how the authorities discovered his wife's pregnancy. Third, Li testified inconsistently with his application about whether his wife was required to report for periodic checkups after her first pregnancy. The agency was not compelled to accept Li's various explanations for these inconsistencies, many of which were themselves inconsistent. *See Majidi*, 430 F.3d at 80.

The agency also reasonably determined that Li's corroborating evidence was insufficient to rehabilitate his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273

(2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Contrary to Li's assertions, the agency did not err in its consideration of this evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (observing that weight accorded to applicant's evidence lies largely within agency's discretion). First, the IJ reasonably concluded that the letter from Li's church in China did not rehabilitate his credibility because it omitted any reference to his arrest and detention. Second, the IJ permissibly discounted letters from Li's family members because the authors were unavailable for cross-examination. *See In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished weight to letters from relatives because they were from interested witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). Third, the IJ did not err in discounting medical records that were unauthenticated and did not clearly relate to Li's wife. *See Xiao Ji Chen*, 471 F.3d at 342. Although the IJ did not specifically discuss Li's fine receipt, the agency need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Wei Guang Wang v. Bd. of Immigration Appeals*, 437 F.3d 270, 275 (2d Cir. 2006) (internal quotation marks omitted), and "we presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise," *Xiao Ji Chen*, 471 F.3d at 338 n.17. The record here does not compellingly suggest that Li's fine receipt was ignored.

Given the agency's foregoing demeanor and inconsistency findings, and its reasonable treatment of Li's corroborating evidence, the totality of the circumstances

supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. A reasonable adjudicator would not be compelled to conclude otherwise. *See id.* at 167. The credibility finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED, and petitioner's motion for a stay of removal is DENIED as moot.